CURETON, C. J. The opinion of the Commission of Appeals answering certified question is adopted and order certified.

---

### DENSON et al. v. WILLCOX et al. *
(No. 985–4841.)

Commission of Appeals of Texas, Section A.
Oct. 19, 1927.

**1. Landlord and tenant ⊂⇒51—Control of party wall for maintenance purposes remains in landlord, in absence of specific provisions in leases.**

Possession and control of party wall for maintenance purposes remains in landlord, where buildings are let to different tenants without provision specifically regulating possession and control of such wall, though common right of user passes to several tenants as an appurtenance to their respective leaseholds.

**2. Landlord and tenant ⊂⇒166(2)—Landlord in control of party wall is liable to tenants for failure to properly maintain it in reasonably safe condition.**

Landlord, who has possession and control of party wall, must exercise ordinary care to maintain wall in reasonably safe condition, and is liable to tenants for damage suffered by them in consequence of his failure to perform that duty.

**3. Landlord and tenant ⊂⇒150(1)—Tenant's obligation to keep premises in repair does not extend to property in which he holds merely appurtenant easement rights.**

Obligation of tenant to keep demised premises in repair does not extend to property in which he holds appurtenant easement rights, merely, in common with his fellow tenants.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by J. Lane Denson, Jr., and another, against Mrs. Annie E. Willcox and others. Judgment for plaintiffs was reversed, and judgment rendered for defendants, by the Court of Civil Appeals (292 S. W. 621), and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Winbourn Pearce and Walker Saulsbury, both of Temple, for plaintiffs in error.

Cox & Brown and W. O. Cox, all of Temple, for defendants in error.

HARVEY, P. J. Mrs. Annie E. Willcox, the defendant in error, was the owner of two brick store buildings in the city of Temple.

The buildings were distinct from each other, except in respect to the particular partition wall which is in question here. This wall composed the west wall of one of the buildings and the east wall of the other.

The plaintiffs in error held one of the buildings as tenants of Mrs. Willcox. This building was used by the plaintiffs in error as a confectionery store and café. The other building was held and occupied by other tenants of Mrs. Willcox. The lease contract, under which the plaintiffs in error held the building occupied by them, contained a provision which required all repairs upon the leased property, during the term, to be at the expense of the lessees. In like manner, the lease contract, under which the other building was held by the other tenants, bound those tenants to make all repairs upon the premises let to them. Neither of these lease contracts contains any provision having reference to the maintenance and repair of the partition wall in question; nor is the wall specifically included in the premises let to any tenant. On October 6, 1923, while the buildings were occupied by the said respective leaseholders, this partition wall suddenly collapsed. In collapsing, it fell into the confectionery store and destroyed property of the plaintiffs in error, on account of which the latter recovered damages in the trial court. The defendant in error failed to exercise ordinary care to maintain the partition wall in a reasonably safe condition, which failure resulted in the falling of the wall and the consequent damage to the plaintiffs in error, who were without fault in the premises.

A detailed statement of the case, if one be desired, may be found in the opinion rendered herein by the Court of Civil Appeals. 292 S. W. 621.

[1–3] Where a partition wall forms a constituent part of each of two buildings owned by the same landlord, and the buildings are let to different tenants, without contract provision specifically regulating the possession, control, or repair of the partition wall the possession and control of such wall, for maintenance purposes, remain in the landlord, though a common right of user, as a party wall, passes to the several tenants as an appurtenance to their respective leaseholds. This possession and control by the landlord imposes upon him the duty to exercise ordinary care to maintain the wall in a reasonably safe condition, and he is liable to his tenants for the damage suffered by them in consequence of his failure to perform that duty. O'Connor v. Andrews, 81 Tex. 33, 16 S. W. 628; 36 C. J. 212; 16 R. C. L. p. 1037 et seq. The obligation of a tenant to keep in repair the demised premises does not extend to property in which he holds appurtenant easement rights, merely, in common with his fellow tenants.

We recommend that the judgment of the

---

Court of 'Civil Appeals, reversing the judgment of the trial court, and rendering judgment for the defendants in error, be reversed; and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed as recommended by the Commission of Appeals.