Annie E. WILLCOX, Appellant, v. J. J. BOOKER, Appellee.* (No. 6982.) Court of Civil Appeals of Texas. Austin. Nov. 21, 1927. Rehearing Denied Dec. 14, 1927. Appeal from District Court, Bell County; Lewis H. Jones, Judge. W. O. Cox and W. R. Brown, both of Temple, for appellant. John B. Daniel and Winbourn Pearce, both of Temple, for appellee.

McCLENDON, C. J. This is a companion case to Willcox v. Denson, our opinion in which is reported in 292 S. W. 621. A writ of error was granted, and we have held this case under submission pending the Supreme Court's decision in the Denson Case, which latter was referred to section A of the Commission of Appeals, and our judgment reversed and the trial court's judgment affirmed, upon the following

*Writ of error refused April 11, 1928.

holding: "Where a partition wall forms a constituent part of each of two buildings owned by the same landlord, and the buildings are let to different tenants, without contract provisions specifically regulating the possession, control, or repair of the partition wall, the possession and control of such wall, for maintenance purposes, remain in the landlord, though a common right of user, as a party wall, passes to the several tenants as an appurtenance to their respective leaseholds." Denson v. Willcox, 298 S. W. 534. The two cases were tried upon the same statement of facts; the Denson first and to a jury, and this to the court. The amount of damages was agreed to, and every fact essential to a decision of this case is set forth in our Denson opinion, to which we now refer. In the present case the trial court filed very elaborate findings of fact and conclusions of law, with reference to which the appellant has raised a variety of questions. Under the holding of the Commission in the Denson Case we deem it unnecessary to consider any of these questions, or to set forth any of the trial court's findings further than to state that the latter found Mrs. Willcox guilty of negligence in not keeping the wall in repair, and that the defendant was not guilty of contributory negligence or precluded otherwise from recovery. The trial court's judgment is therefore affirmed. Affirmed.