**Lela RENFRO et vir, Appellants,**

**v.**

**GIANT FOODS, INC., Appellee.**

**No. 16187.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 25, 1973.

LaValle & Ortego, Peter J. LaValle, Texas City, for appellants.

McLeod, Alexander, Powel & Apffel, Mark S. Richards, Galveston, for appellee.

EVANS, Justice.

Appellee Giant Foods, Inc. was granted a summary take-nothing judgment. We affirm.

Appellant's original petition filed in February 1972, was for damages allegedly caused by a slip and fall accident occurring in October, 1970 in a Texas City Department store; appellant asserted the store was operated by appellee Giant Foods, Inc. Appellee answered by general denial and contributory negligence plea.

In January, 1973 appellant filed amended petition, adding as an additional party defendant R & R Real Estate Company, and alleging joint liability of both corporate defendants. Giant Foods, Inc. then filed motion for summary judgment, asserting it owed no legal duty to appellant in that it did not have ownership, control, maintenance or supervisory rights with respect to the department store premises where appellant was injured.

The deposition of the plaintiff indicated her injury occurred on an asphalt driveway leading to but outside the front doors of a department store upon which were posted signs indicating the name of the store to be "Giant Food Discount City."

Appellee's summary judgment proof consisted of an affidavit of the Secretary-Treasurer of Giant Foods, Inc., who testified that on the date of the accident the only relationship between Giant Foods, Inc. and the department store in question was that Giant Foods, Inc. had leased a small area within the store for the operation of a snack bar and that Giant Foods, Inc. had no rights or responsibilities whatsoever with respect to the maintenance or control of the department store in general or the premises surrounding it. An authenticated copy of the lease to Giant Foods, Inc. was attached to the motion.

Appellant filed an unsworn pleading designated a Controverting Plea and Affidavit, in which she asserts that she made inquiry to the Secretary of State, prior to filing suit, requesting the name of the agent for service on Giant Food, a corporation maintaining a discount department store and super-market at 2000 Texas Avenue in Texas City, Texas, and that in response to such inquiry the Secretary of State indicated the name and address of the registered agent for Giant Foods, Inc. to be M. R. Robson, Jr., 4520 Holmes Road, Houston, Texas.

The deposition of M. R. Robson indicates that he had no business position with Giant Foods, Inc. and was not an officer of that corporation; that Giant Food Discount City was a corporation and was owned 50% by him and 50% by H. C. Robson; that although the name of the store was Giant Food Discount City, the name of the corporation which actually owned the store was R & R Real Estate Company, a corporation; that he was President of R & R Real Estate Company; that R & R Real Estate Company leased to a number of tenants particular areas within the department store for various purposes; and that among other tenants King Center Foods was their grocery lessee and Giant Foods was their snack bar lessee.

■ Appellant's first point of error is that Giant Foods, Inc., as an occupier of the department store premises, owed appellant a duty with respect to the outside portion of the premises where appellant allegedly was injured. We overrule this point. R & R Real Estate Company was undisputedly the owner of the department store and the surrounding premises and had executed a definitive lease with Giant Foods, Inc. covering a portion of the premises which Giant Foods, Inc. operated as a snack bar. The fact that Giant Foods, Inc. and its snack bar customers may have had a right of use of the ways leading to the building did not extend its responsibility to maintain the premises not leased exclusively to it. Denson v. Willcox, 298 S.W. 534 (Tex.Com.App.1927); Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948); Taylor v. Gilbert Gertner Enterprises, 466 S.W.2d 337 (Tex.Civ.App.—Houston, 1st, 1971; writ refused, n.r.e.).

■ Appellant's second point of error is that appellee is estopped from denying liability on the basis that it engaged in deceptive business practices resulting in appellant's being deprived of substantive rights. Appellant argues under this point that appellee violated the provisions of Art. 5924, Vernon's Annotated Texas Statutes, by occupying the store building bearing large

signs "Giant Food Discount City" and by failing to file a certificate of assumed name with the County Clerk. Giant Food Discount City was not made a party to these proceedings and appellant made no objection to the severance of R & R Real Estate Company from the case. We are unable to determine any basis for applying the doctrine of estoppel to appellee Giant Foods, Inc., and appellant's second point of error is overruled.

The trial court's summary judgment is affirmed.