**Delores Gail HOWE et vir Dennis Wayne Howe, Appellants,**

v.

**The KROGER COMPANY, d/b/a Kroger's, Appellee.**

No. 20264.

Court of Civil Appeals of Texas, Dallas.

April 28, 1980.

Newton J. Jones, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellants.

Charles L. Perry, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

Appellants Delores Gail Howe and Dennis Wayne Howe brought this action to recover for injuries Mrs. Howe sustained from a fall that occurred after she slipped on accumulated ice and snow on the sidewalk outside one of appellee's stores. Appellants alleged that appellee breached its duties to keep its premises in reasonably safe condition and to warn business invitees of dangerous conditions existing on its premises. The trial court entered summary judgment for appellee. We affirm.

■ On this appeal appellants argue that the summary judgment was erroneously granted 1) because a genuine issue of fact exists concerning whether appellee breached the duties it had, and 2) because insufficient evidence exists to support the judgment. As to appellants' first point of error, both sides agree that the real issue is whether the appellee had any duty to Mrs. Howe. Appellants rely on the general rule of premises liability that the occupier of premises is required to exercise ordinary care to keep his premises in a reasonably safe condition so that his invitees will not be injured, e. g., J. Weingarten, Inc. v. Razey, 426 S.W.2d 538, 539 (Tex.1968); Genell, Inc. v. Flynn, 163 Tex. 632, 636, 358 S.W.2d 543, 546 (1962); Smith v. Henger, 148 Tex. 456, 464, 226 S.W.2d 425, 431 (1950); or to warn his invitees of any dangerous conditions. J. Weingarten, Inc. v. Razey, 426 S.W.2d at 539; Restatement (Second) of Torts § 343 (1965). Furthermore, appellants assert that this rule has been extended to hold a lessee liable to invitees for injuries caused by dangerous conditions existing in common entrances, areas, and passageways, citing Goldstein Hat Manufacturing Co. v. Cowen, 136 S.W.2d 867 (Tex.Civ.App.—Dallas 1940, writ dism'd judgm. cor.), and Parker v. Highland Park, 565 S.W.2d 512 (Tex.1978). In Goldstein, Goldstein was one of several tenants of the building in which the plaintiff, an invitee of Goldstein, was injured. The injury occurred when the plaintiff fell into an elevator shaft which was not properly lighted. Although the elevator shaft was in common use by all the tenants, the trial court's judgment relieved the lessor of liability and Goldstein was held liable.

Appellee contends that rather than being an extension of the general rule, Goldstein represents an application of that rule to a unique set of facts. Appellee first points out that the phrase "occupier of premises," as interpreted by Texas courts, means the party in control of premises. O'Connor v. Andrews, 81 Tex. 28, 33, 16 S.W. 628, 629 (1891); Renfro v. Giant Foods, Inc., 501 S.W.2d 357, 358 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); see Wallace v. Horn, 506 S.W.2d 325, 328 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). In O'Connor the court acknowledged the general rule that when an entire building is leased to one tenant, the tenant is liable for injuries caused by dangerous conditions subsequently occurring thereon, absent lease provisions to the contrary.

> When, however, a building consisting of a number of different apartments is divided among several tenants, each one of whom takes a distinct portion, and none of them rent the entire building, the rule must then be applied so as to make each tenant responsible only for so much as his lease includes, leaving the landlord liable for every part of the building not included in the actual holding of any one tenant.

81 Tex. at 33, 16 S.W. at 629. Thus in Goldstein, a provision in Goldstein's lease relieved the lessor of liability for injuries occurring in common areas, and therefore, control of such areas was in Goldstein and the other tenants. Goldstein followed the general rule applied in all of these cases that liability follows control. See generally Restatement (Second) of Torts §§ 328E, 360 (1965).

■ In Parker the Texas Supreme Court quoted section 360 of the Restatement

(Second) of Torts, which holds a lessor liable to lessees and their guests for injuries caused by dangerous conditions on portions of the leased premises over which the lessor retains control. The court then examined several comments to this section, including comment *a*, which states that the lessee's knowledge of the dangerous condition will not relieve the lessor of liability to a guest of the lessee. The court quoted that comment as follows: "[The lessee's] knowledge may subject him to liability even to his own licensees, if he fails to warn them of the danger. *It will not, however, relieve the lessor of liability for his negligence in permitting the entrance to become dangerous.*" 565 S.W.2d at 515 [emphasis supplied by Texas Supreme Court]. Appellants point to the first quoted sentence as indicating the supreme court's recognition of the extension of the general rule. Read in context, however, it is clear that the court was focusing on the second quoted sentence and that the first was mere surplusage in reaching the conclusion. We conclude that the first quoted sentence has not been adopted as law in Texas, but rather, that it is contrary to the existing law in Texas. That existing law, as exemplified by the cases cited above, is that an occupier of premises owes to his invitees a duty of ordinary care, which encompasses the duties to maintain those premises in reasonably safe condition and to warn of dangerous conditions on the premises. This duty, however, extends only to the limits of those premises and not beyond. We conclude that an occupier of premises has no greater duty than does the public generally regarding conditions existing outside his premises and not caused by the occupier. *See Abalos v. Oil Development Co.*, 544 S.W.2d 627, 633 (Tex.1976) (bystander not required to prevent injury to others). The question we must determine then is whether the sidewalk on which Mrs. Howe was injured was part of the premises which appellee occupied.

The lease signed by Kroger as lessee reads in pertinent part as follows: "All that portion of the tract of land not covered by buildings is to be Common Area for the joint use of all tenants, customers, invitees, and employees . . . .. Landlord agrees, at its own expense, to maintain all Common Area in good repair, to keep such area clean, to remove snow and ice therefrom, to keep such area lighted during hours of darkness . . . .." Since the sidewalk was "not covered by buildings," it was part of the "Common Area" over which Kroger had no control, and thus no responsibility to repair or warn. Both case law and the lease agreement, therefore, establish that appellee had no liability regarding injuries occurring on the sidewalk because no duty existed relative to areas outside the leased premises.

Accordingly, we hold that under the lease agreement entered into by appellee, it did not have control over areas outside the leased premises and thus, had no duty to maintain such areas in a reasonably safe condition for its business invitees or to warn them of dangerous conditions on such areas.[1] Since no duty existed in this respect, appellants' point of error, contending that a fact issue existed concerning whether these duties were breached, is overruled.

Appellants' second point of error is that insufficient evidence exists to support the summary judgment because the affidavit attached to appellee's motion was based on hearsay and contains conclusions of law. We agree with appellants that any conclusions made by the affiant as to the legal effects of the lease are irrelevant and could not support this summary judgment. *Life Insurance Co. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 382 (Tex.1978); *Habern v. Commonwealth National Bank*, 479 S.W.2d 99, 101 (Tex.Civ.App.—Dallas 1972, no writ).

Appellants' hearsay contention is that the affiant's statements relate to appellee's lease agreement, which was introduced as an attachment to the affidavit,

---

1. Since we hold that appellee had no duty to maintain the sidewalk in a reasonably safe condition, we do not reach the question of whether such a duty would include removal of natural accumulations of ice and snow. *See generally* 4D L. Frumer & M. Friedman, Personal Injury Landlord & Tenant § 1.05[4][d] (1971); Annot., 95 A.L.R.3d 15 (1979).

and that since the affiant did not state that he was present when the lease was signed and since his signature is not on the lease, his statements regarding the lease are hearsay. In the affidavit the affiant stated, among other things, that he was "employed by the Kroger Company in the job capacity of Assistant Personnel Manager," that he "[knew] all the facts stated [t]herein to be true and correct from [his] own personal knowledge," and that "[a] true and correct copy of the lease number [sic] under which Kroger occupied the premises in question on February 7, 1978, and at all times relevant to this law suit, [was] attached as Exhibit 'A'." We conclude that these statements, made for the purpose of introducing the lease agreement into evidence, were not hearsay,[2] and thus, the trial court could have examined the lease agreement to determine the relationship of appellee and its lessor. As indicated above, the lease agreement indicates that appellee had *no right of control* over the sidewalk on which Mrs. Howe slipped and fell, and consequently, the lease agreement was properly before the trial court and constitutes sufficient evidence by itself to support this judgment. Appellants' second point of error is overruled.

Affirmed.

---

2. No objection was raised as to the lease agreement being authentic or being the best evidence available.