**Gilbert PORTILLO, Appellant,**

v.

**HOUSING AUTHORITY OF the CITY OF EL PASO, Appellee.**

**No. 08-82-00226-CV.**

Court of Appeals of Texas, El Paso.

May 18, 1983.

Victor R. Arditti and Tom Rosas, El Paso, for appellant.

John A. Grambling, Randolph H. Grambling, Grambling, Mounce, Sims, Galatzan & Harris, El Paso, for appellee.

Before PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a summary judgment in favor of Appellee, defendant below. We affirm.

Appellant, as a boy of 8, lived with his parents in a housing project owned and maintained by Appellee. On February 27, 1974, Appellant climbed over the fence owned by Appellee. The fence divided the Appellee's property from the railroad's property. After climbing over the fence, Appellant caught a ride on a passing freight train. After riding a distance equal to about the length of five box cars, while trying to get off, Appellant slipped and fell

beneath the wheels resulting in the loss of Appellant's right leg.

 It is undisputed that the accident did not occur on Appellee's property and that it was not caused by any instrumentality owned or controlled by Appellee. The case comes before us on review based solely on the unsworn pleadings. Although pleadings do not constitute summary judgment proof, summary judgment is warranted, however, if the plaintiff's petition itself fails to state a legal claim or cause of action. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex. 1971). An occupier of premises has no greater duty than does the public generally regarding conditions existing outside his premises and not caused by the occupier. *Howe v. Kroger Co. dba Kroger's,* 598 S.W.2d 929 (Tex.Civ.App.—Dallas, 1980, no writ). An innkeeper is under no duty to a guest who is injured or endangered while he is away from the premises. Nor is a possessor of land under any such duty to one who has ceased to be an invitee. Restatement (Second) of Torts, Section 314A, comment C. Any plaintiff must plead (and ultimately prove upon a trial on the merits) the existence and violation of a legal duty owed to him by the defendant to establish tort liability. See *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627 (Tex. 1976). Appellant's cited cases are readily distinguishable and do not support his appellate position. Appellant's point of error that the trial court erred in granting summary judgment is overruled.

The judgment of the trial court is affirmed.