Tamara McCABE, Plaintiff,

v.

The KROGER CO., Defendant.

No. 1:94–CV–336.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 22, 1994.

Gilbert T. Adams, Jr., Law Offices of Gilbert T. Adams, Beaumont, TX, for plaintiff.

Brock Akers, David Lynn Phillips, Phillips & Akers, Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING McCABE'S MOTION TO FILE AN AMENDED COMPLAINT AND GRANTING ALTERNATE MOTION TO VOLUNTARILY DISMISS

SCHELL, Chief Judge.

CAME ON TO BE CONSIDERED McCabe's motion to file her second amended complaint. After considering the motion, its response, the amended motion, supplemental briefing, and the evidence and arguments of counsel presented at the hearing held August 17, 1994, the court is of the opinion that the motion should be DENIED. McCabe's alternate motion to voluntarily dismiss is GRANTED.

McCabe was a Kroger employee working in Kroger's seafood department. She allegedly injured her back when a wheel on the heavy cart she was pushing fell into a drain grate in the back room.[1] McCabe, a Texas

---

1. McCabe's primary theories of liability hinge around alleged defects in the cart (which is owned by Kroger) and the floor. McCabe's other claims presuppose that the defendant and Hen-pil, Inc. were guilty of committing a breach of duty related to the primary torts or that they were in some sort of duty-creating relationship to

citizen, wishes to add Henpil, Inc. In an earlier Memorandum, the court noted that it would grant leave to file an amended complaint naming Henpil only if McCabe could show *any* possibility of recovery against Henpil. Henpil is a nondiverse corporate retailier of beer and wine. Forty-nine percent of Henpil stock is owned by Kroger; the other 51% is owned by a Texas resident. Henpil leases sales floor and storage space from Kroger. Henpil then hires Kroger to sell its merchandise. The Kroger–Henpil relationship enables Kroger to comply with Texas' regulations requiring purveyors of spirits to be Texas residents.

The court held an evidentiary hearing on this motion. At the hearing, the parties stipulated to the site of the accident, the location of Henpil's leased floor space, and the location of beer and wine. The accident occurred in a common area not specifically leased by Henpil but used for ingress and egress to the specifically delineated leased sales and storage spaces.

■ McCabe argues that the intermingling of Henpil's and Kroger's affairs gives Henpil the right to control the entire store premises. This contention is without merit; Henpil's merchandise was sold and stored in areas consistent with the lease and T.A.B.C. filings. McCabe did not allege sufficient facts showing that Henpil and Kroger's corporate separateness should be disregarded. *See Castleberry v. Branscum,* 721 S.W.2d 270 (Tex.1986) (discussing disregarding corporate existence), *as modified by statute,* Tex.Rev. Civ.Stat.Ann., Bus. Corp. Act, art. 2.21A (West Supp.1994). Thus, the court considers the normal rules regarding premises liability.

■ Where part of a premises is leased, the tenant must exercise ordinary care to keep its premises in a reasonably safe condition so that its invitees will not be injured. This duty generally extends only to the limits of the rented premises. *Howe v. Kroger Co.,* 598 S.W.2d 929, 931 (Tex.Civ.App.—Dallas 1980, no writ). The right of the tenant to have and allow ingress and egress over the common areas does not extend the tenant's responsibility to maintain the premises not

leased exclusively to it. *Renfro v. Giant Foods, Inc.,* 501 S.W.2d 357 (Tex.Civ.App.— Houston [1st Dist.] 1973, no writ). But the terms of the lease may create a duty to maintain the common areas on the part of the tenant. *See Howe,* 598 S.W.2d at 930 (construing *Goldstein Hat Manufacturing Co. v. Cowen,* 136 S.W.2d 867 (Tex.Civ. App.—Dallas 1940, writ dism'd judgm. cor.) to hold that a lease may create a duty on the part of the tenant over common areas). If the lease makes the landlord liable for maintenance of the common areas, then the tenant is generally absolved of liability for maintaining the common areas. *Cf. Johnson v. Tom Thumb Stores, Inc.,* 771 S.W.2d 582, 584–85 (Tex.App.—Dallas 1989, writ denied) (lease providing that landlord was responsible and had control over common areas absolved tenant from liability for slip and fall); *Howe,* 598 S.W.2d at 931 (lease providing that landlord was responsible for common areas absolved tenant from liability for slip and fall). If, however, the tenant is in actual control over the common area, then liability may lie regardless of the lease provisions. *Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322 (Tex.1993).

■ Applying these rules to the facts of this case, Henpil owed no duty to McCabe. The lease provides:

In consideration of the covenants, promises and agreements contained herein, Lessor hereby leases to Lessee and Lessee hereby leases from Lessor certain defined premises within Lessor's stores for display and self-service sales in the sales room and storage space (for immediate needs of Lessee and not for warehouse purposes) in the stockroom of said store premises....

TO HAVE AND TO HOLD said leased premises, together with the right of ingress to and egress from the leased premises over and across the store premises of Lessor....

Def. Exhibit 6. The lease grants Henpil the right of ingress and egress over the common areas. It does not grant the right to control the common areas in any other manner. As noted earlier, the caselaw holds that the

McCabe. As will be shown, Henpil had no connection to McCabe whatsoever.

right of ingress and egress is not enough to create a duty. Furthermore, the lease provides that Kroger must maintain the entire store, including the common areas. Def. Exhibit 6 at ¶ 11. The lease does not create a duty to maintain the common areas on the part of Henpil.

Thus, Henpil had no duty to maintain the common areas. The allegedly defective cart was owned by Kroger. Henpil in no other way owed McCabe a duty. McCabe's complaint lies with Kroger, not Henpil. McCabe's attempt to show an actual right of control independent from the lease is in vain. McCabe has failed to show or allege any acts illustrating control over the physical premises in the common areas by Henpil. If the accident had occurred in the area leased by Henpil, then a cause might lie and leave to file the amended complaint would certainly be granted. But that is not the case before the court. Thus, the court finds that the purpose behind the proposed amendment is to destroy subject matter jurisdiction.

■ The court is sympathetic to McCabe's right to sue all parties who may have committed a wrong against her. However, the court must give a close examination to the purported rationale for joinder to ensure that the fairness factors of *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989), are met.

After considering the *Hensgens* factors, the court finds that McCabe's motion for leave to file an amended complaint should be DENIED. McCabe's alternative motion to voluntarily dismiss is GRANTED and this action is dismissed without prejudice.