Edward A. Mattingly, Darren W. Anderson, Houston, for appellee.

Before HUDSON, FOWLER and ROBERTSON,* JJ.

**UNIVERSITY OF HOUSTON, Appellant,**

v.

**STERLING BANK (f/k/a Enterprise Bank), Appellee.**

No. 14–96–01355–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 11, 1997.

Rehearing Overruled March 5, 1998.

## OPINION

FOWLER, Justice.

Appellant, University of Houston ("UH"), appeals from a motion for summary judgment in favor of Appellee, Sterling Bank (F/K/A Enterprise Bank) ("Sterling Bank"). We affirm the trial court judgment.

## THE CONTROVERSY

In August 1991, Sterling Bank entered into a lease agreement with UH to permit the bank to operate a full service branch on the second floor of the University Center. According to its terms, the lease was to run

* Robertson, Justice, sitting by assignment.

from August 31, 1991 to August 31, 1996. This lease provided Sterling Bank a 1258 square foot area within the University Center. While Sterling Bank was the sole occupant of the glassed off 1258 square foot area, it was not the only tenant within the University Center.

On March 1, 1993, Gina Grossman ("Grossman"), a bank employee, slipped and fell in front of the bank as she returned from the restroom located within the common area of the University Center. Grossman slipped on some water that had leaked from the University Center ceiling, which was under repair. To recover for her injuries, Grossman sued both UH and the roofing contractor. At trial, the Texas Attorney General's Office successfully defended UH against Grossman's claims.

This cause is an attempt by UH and the Texas Attorney General's Office to recover the defense costs incurred by the Grossman suit. UH alleges it is owed those costs because Sterling Bank contracted in its lease agreement to include UH as an additional insured under Sterling Bank's insurance policy. Under the lease agreement, Sterling Bank agreed "to carry, at its expense, comprehensive general liability insurance coverage on the premises.... The policy will name the University as an additional insured and proof of insurance shall be filed with the University Contract Administrator within thirty days of the commencement of this lease." However, Sterling Bank failed to name UH as an additional insured. If Sterling Bank had named UH as an additional insured, UH believes the bank's insurance company would have been forced to defend the Grossman lawsuit. In spite of this assertion, the trial court granted summary judgment in favor of Sterling Bank.

### STANDARD OF REVIEW

A defendant prevails on a motion for summary judgment if she can establish with competent proof that, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). If the defendant bases her motion for summary judgment on an affirmative defense, she must prove all the elements of such a defense as a matter of law. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Once the movant establishes a right to summary judgment, the non-movant must expressly present any reasons avoiding the movant's entitlement and must support the response with summary judgment proof to establish a fact issue. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *Cummings v. HCA Health Serv. of Texas*, 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ).

The standards an appellate court employs to review summary judgment proof are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

### DISCUSSION AND HOLDING

In its sole point of error, UH contends "[t]he trial court erred in granting defendant Sterling Bank's motion for summary judgment because the incorrect test was applied to determine that plaintiff University did not come within certain insurance policy provisions that would have imposed upon the carrier a duty to defend plaintiff from a tort claim arising from the use of the premises." Sterling Bank contends the trial court properly granted its motion for summary judgment, as the correct test was applied "to determine that the claims in the underlying petition did not trigger the Sterling Bank's comprehensive general liability carrier's duty to defend the University in the underlying

lawsuit." When a motion for summary judgment alleges more than one basis for judgment and the order granting summary judgment does not specify the ground relied on in the ruling, the summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 79 (Tex.1989); *Kyle v. West Gulf Maritime Ass'n,* 792 S.W.2d 805, 807 (Tex.App.—Houston [14th Dist.] 1990, no writ).

 In its motion for summary judgment, Sterling Bank argues Grossman fell outside the area covered by its liability insurance, so that even if UH had been named as an additional insured in the policy, Sterling Bank's insurance carrier would have had no "duty to defend". A "duty to defend" arises when the allegations in the petition, "when fairly and reasonably construed, state a cause of action potentially covered by the policy." *Cullen/Frost Bank of Dallas, N.A. v. Commonwealth Lloyd's Ins. Co.,* 852 S.W.2d 252, 255 (Tex.App.—Dallas 1993), *writ denied per curiam,* 889 S.W.2d 266 (Tex.1994). No matter how fairly and reasonably we construe the facts, we cannot change the fact that Grossman fell outside the bank's area of control and in the common area of the University Center. Even though her hand was touching the door of the bank, Grossman slipped and fell in the common area. Since she was standing and fell in the common area, Sterling Bank's liability carrier owed no duty to defend.

It is well settled Texas law that an occupier of a premises owes no duty of care to those outside the occupied premises for conditions he did not create. *See Howe v. Kroger,* 598 S.W.2d 929, 931 (Tex.Civ.App.—Dallas 1980, no writ); *cf. Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 324–25 (Tex. 1993) (recognizing the rule in *Howe* but stating that rule is not applicable to *Wal–Mart's* situation). "[A]n occupier of premises owes to his invitees a duty of ordinary care, which encompasses the duties to maintain those premises in reasonably safe condition and to warn of dangerous conditions on the premises. This duty, however, extends only to the limits of those premises and not beyond." *Howe,* 598 S.W.2d at 931.

As evidenced by the case law, Sterling Bank owed no duty of care to Grossman because she fell outside the area of the bank's control. Since the bank owed no duty of care to Grossman, the bank's liability carrier also owed no duty to defend. So, even if UH had been named on Sterling Bank's insurance policy as required by the lease agreement, UH would not have been defended by Sterling Bank's liability carrier and UH would have had to incur its own defense costs. We, therefore, overrule UH's sole point of error.

Accordingly, we affirm the trial court's grant of the motion for summary judgment.