Affirmed and Memorandum Opinion filed March 29, 2007








Affirmed and Memorandum Opinion filed March 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01061-CV

____________

 

DAVID ROGERS, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF LEROY BROWN, Appellant

 

V.

 

TEXAS STERLING CONSTRUCTION, L.P.
A/K/A TEXAS STERLING CONSTRUCTION, INC. A/K/A TEXAS STERLING, L.P., Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 2004-05023

 



 

M E M O R A N D U M   O P I N I O N

Appellant David Rogers, individually and as representative
of the Estate of Leroy Brown, appeals from the trial court=s grant of summary
judgment in favor of appellee Texas Sterling Construction, L.P. a/k/a Texas
Sterling Construction, Inc. a/k/a Texas Sterling, L.P. (ATexas Sterling@) for wrongful
death and survival claims.  We affirm.  

I.  Factual and Procedural Background

On August 24, 2002, Leroy Brown fell on a sidewalk near the
Fiesta supermarket located at approximately 4100 San Jacinto Street in Harris
County, Texas (the AFiesta sidewalk@).  Brown, who
suffered from advanced leukemia, died one week later.  David Rogers, the
appellant and Brown=s alleged heir at law, sued the City of
Houston, the Metropolitan Transit Authority (AMETRO@), and Texas
Sterling, asserting claims under the wrongful death and survival statutes. 
Rogers alleged that Brown, while walking to catch a bus, tripped over an
exposed reinforcing bar (Arebar@) protruding from
the concrete sidewalk, which the defendants left in place while performing
construction there.  Specifically, Rogers contended the defendants negligently
failed to (1) Asafeguard pedestrians from work materials,@ (2) Atake necessary
steps to protect [Brown] from ongoing construction work,@ (3) Atake proper
measures to block pedestrians from walking in the construction area,@ and (4) Aprovide proper and
safe means of crossing the street or catching a bus.@ 








Texas Sterling thereafter filed a no-evidence motion for
summary judgment.[1] 
Texas Sterling claimed Rogers had no evidence of standing because he failed to
produce a copy of his birth certificate or evidence that he was the executor or
administrator of Brown=s estate.  Texas Sterling further
contended Rogers provided no evidence of duty, breach, proximate cause, or
damages. 

In response, Rogers countered that he had standing because
he was Brown=s biological, non-marital son and thus an heir at
law.  In support, Rogers submitted affidavits in which both he and his mother
explained that the circumstances of Rogers=s birth together
with Brown=s support of Rogers and representations to others
established that Brown was his biological father.  Rogers also averred that
Brown=s estate had no
debts, his siblings had reached a family settlement plan for the assets of the
estate, and no administration was pending or necessary.  Rogers further
attached evidence in support of his negligence claim, including copies of (1) a
contract between Texas Sterling and METRO for the reconstruction of a portion
of San Jacinto Street, (2) deposition testimony of Kevin Manning, Texas
Sterling=s risk manager,
(3) Texas Sterling=s discovery admissions, (4) Texas Sterling=s insurance
policies for the construction project, (5) photographs of the accident scene
taken after the fall, (6) Brown=s medical records, including various
patient information records from his trip to the hospital, a Adeath summary,@ and a death
certificate, and (7) affidavits from three emergency medical technicians (AEMTs@) who cared for
and took Brown to the hospital after his fall.  








As to Texas Sterling=s duty to make
safe or warn of defects on the Fiesta sidewalk, Rogers maintained the contract
showed Texas Sterling Ahad control of the area and was
responsible for safety in the area@ where Brown fell
because it required the firm to comply generally with federal, state, local,
and METRO safety rules and specifically to Aprovide warning
signs, barricades and verbal warnings as required.@  Rogers also
pointed to deposition excerpts in which Manning testified that Texas Sterling
had Aultimate
responsibility@ for Aall safety on the construction site,@ including Akeeping the work
site clean,@ A[keeping] debris and stuff of [sic] the
sidewalk,@ Acheck[ing daily] for safety hazards [on
the project],@ ensuring workers performed operations Ain a way that was
safe for pedestrians,@ keeping Apedestrian
walkways and bus stops . . . clean and functional,@ and Amaintain[ing]
traffic control and pedestrian devices.@  Rogers
additionally noted Manning=s statements that it would be Texas
Sterling=s responsibility
if it Adid not keep [its]
debris off the sidewalk and someone tripped over that debris@ and that Arebar knee high
across the sidewalk . . . would not be clean and functional.@ 

As to breach, Rogers cited the EMTs= observations that
the general area where Brown fell was under construction and that on Athe sidewalk next
to the Fiesta store,@ rebar protruded from the concrete, no
barriers blocked off pedestrian traffic, and rebar remained even after the
incident.  Rogers further asserted that pictures allegedly taken after the
incident revealed the Adangerous conditions at the scene.@  As to causation
and damages, Rogers noted both the EMTs= conclusions that
Brown had in fact tripped over the rebar and suffered resulting injuries and
the medical records indicating Brown had fallen face-first onto the sidewalk
and came to the hospital with a cervical spine fracture, which was listed as
the immediate cause of death on Brown=s death
certificate.

Texas Sterling replied, challenging Rogers=s evidence and
contentions regarding duty by attaching additional excerpts of Manning=s deposition
testimony in which he stated repeatedly that Texas Sterling was not responsible
for the Fiesta sidewalk because it fell Aoutside the scope
of the contract.@  Therefore, Manning maintained that Texas
Sterling neither worked on nor had a duty to discover and correct exposed rebar
on the Fiesta sidewalk. 

After hearing the motions, responses, evidence, and
arguments, the trial court granted Texas Sterling=s motion without
specifying its grounds.  Rogers now appeals, claiming the trial court erred in
granting summary judgment because fact issues remain regarding whether he has
standing to bring his wrongful death and survival claims and on each element of
his negligence cause of action.  

II.  Standard of Review

 








The party moving
for no‑evidence summary judgment must assert only that there is no
evidence of one or more essential elements of a claim or defense on which the
non‑movant would have the burden of proof at trial.  See Tex. R. Civ. P. 166a(i).  The burden
then shifts to the non‑movant to produce evidence raising a fact issue on
the challenged elements.  See id.  A no‑evidence summary judgment
is improper if the respondent brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact.  Id.; see Forbes
Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003).  Less
than a scintilla of evidence exists when the evidence is so weak as to do no
more than create a mere surmise or suspicion of a fact.  Forbes, 124
S.W.3d at 172.  More than a scintilla of evidence exists if it would allow
reasonable and fair‑minded people to differ in their conclusions.  Id.
 As with a traditional summary judgment, we view the evidence in the light
most favorable to the non‑movant, disregarding all contrary evidence and
inferences.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003).

Furthermore, when
the trial court does not specify the basis for its summary judgment, we will
affirm the judgment if any one of the theories advanced in the motion is meritorious. 
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004). 
In other words, the appealing party must show each independent ground alleged
is insufficient to support the summary judgment granted.  See Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

III.  Analysis

 

We first address
Rogers=s second point of
error and determine whether he raised a fact issue regarding duty.  Rogers
contends the evidence shows Texas Sterling undertook a duty to provide Asafety in the area@ where Brown fell,
including the Fiesta sidewalk.  Texas Sterling counters that Rogers produced no
evidence that it had control of the Fiesta sidewalk and thus owed Brown a
duty.  We agree with Texas Sterling.  








Whether the
defendant owed a duty to the plaintiff is a question of law for the court to
decide from the particular facts of the case.  Golden Spread Council, Inc.
v. Akins, 926 S.W.2d 287, 289 (Tex. 1996).  An owner or occupier of land
generally has a duty to use reasonable care to make and keep the premises safe
for business invitees.  See Clayton W. Williams, Jr., Inc. v. Olivo,
952 S.W.2d 523, 527 (Tex. 1997).  However, a party who does not own the
premises generally must assume control over and responsibility for the premises
before becoming subject to liability for a dangerous condition existing on the
premises.  See City of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986). 
AIt is possession
and control which generally must be shown as a prerequisite to liability.@  Id.; see
Barefield v. City of Houston, 846 S.W.2d 399, 403 (Tex. App.CHouston [14th
Dist.] 1992, writ denied) (ALiability follows control.@).[2] 
Indeed, only a general contractor in control of the premises may be liable to a
business invitee or independent contractor for negligence arising from failing
to keep the premises safe from defects.[3] 
Olivo, 952 S.W.2d at 527; see Redinger v. Living, Inc., 689
S.W.2d 415, 417 (Tex. 1985) (AA general contractor on a construction
site, who is in control of the premises, is charged with the same
duty as an owner or occupier.@ (emphasis added)).  Control can be
demonstrated by ownership, occupation, management, or possession of the
premises.  See Lefmark Mgmt. Co. v. Old, 946 S.W.2d 52, 54 (Tex. 1997). 
Control can be proven by either a contractual agreement expressly assigning the
right of control or an actual exercise of control.  Dow Chem. Co. v. Bright,
89 S.W.3d 602, 606 (Tex. 2002).  Determining whether a contract provides a
right of control is generally a question of law.  Lee Lewis Constr., Inc. v.
Harrison, 70 S.W.3d 778, 783 (Tex. 2001).    








We find Rogers did
not meet his burden to raise a fact issue on duty by producing more than a
scintilla of evidence that Texas Sterling controlled the Fiesta sidewalk.  In
arguing that the contract obliged Texas Sterling to make the Fiesta sidewalk
safe, Rogers primarily relies on provisions requiring adherence to various
safety regulations and use of physical barriers, warning signs, and verbal
warnings.  However, these provisions do not expressly address safety at the
Fiesta sidewalk.  In fact, many of the contract=s provisions
relating to safety and Acleaning up@ expressly limit
their application to Athe Work,@ Ajob site, or Awork area and
premises.@  Moreover, though the contract defines Athe Work@ generally as the AReconstruction of
San Jacinto Street [from] Blodgett to Holman,@ it provides that Athe Work@ must be performed
in accordance with ATechnical Specifications and Drawings,@ an exhibit
demarcating the specific parameters of the project.  Rogers failed to attach
this exhibit to his response, and the contract does not otherwise expressly
assign Texas Sterling the right to work or duty to provide safety on the Fiesta
sidewalk.  See Jackson v. Houston Lighting & Power Co., No. 01‑00‑00513‑CV,
2001 WL 953411, at *4 (Tex. App.CHouston [1st
Dist.] Aug. 23, 2001, no pet.) (not designated for publication) (finding no
evidence that appellee had control of premises containing anchor protruding
from sidewalk because appellant produced no evidence of boundaries of appellee=s easement on
which appellant alleged anchor resided).    








Furthermore, in
contending that Texas Sterling admitted a duty to make the Fiesta sidewalk safe
for pedestrians, Rogers misinterprets both Manning=s testimony and
Texas Sterling=s discovery admissions.  Reading Manning=s testimony in
context reveals that Manning described Texas Sterling=s duty to make
sidewalks safe only in terms of Athe construction
site@ or Aonsite.@  Significantly,
Manning repeatedly testified that the Fiesta sidewalk fell outside the scope of
the contract, and, as such, Texas Sterling never performed work on this
sidewalk.  In its discovery admissions, Texas Sterling conceded only that it
served as the general contractor for the project described in the contract and
that the Fiesta sidewalk=s address falls within the project area=s general
boundaries.  Such admissions are general in nature and do not establish Texas
Sterling=s specific control
of the Fiesta sidewalk.  Finally, the EMTs= observations that
the general area around the Fiesta sidewalk was under construction create only
speculation or surmise as to whether Texas Sterling controlled this sidewalk.  See
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983) (noting that
evidence creating mere speculation or surmise of existence of fact constitutes
no evidence).  Because the evidence does not show Texas Sterling controlled the
Fiesta sidewalk and thus owed a duty to Brown, we hold the trial court could
have properly granted summary judgment on the ground that Rogers produced no
evidence of duty.  See Mathis v. RKL Design/Build, 189 S.W.3d 839, 845
(Tex. App.CHouston [1st Dist.] 2006, no pet.) (holding that
architectural firm preparing plans for building=s construction
owed no duty to contractor injured at building because contractual and actual
duties showed firm did not control building on date of accident); Holman v.
KRJ Mgmt., Inc., No. 14-03-00017-CV, 2004 WL 502934, at *2B3 (Tex. App.CHouston [14th
Dist.] Mar. 16, 2004, no pet.) (mem. op.) (holding that landscaping company
owed no duty to condominium complex tenant who slipped on muddy sidewalk
because contract did not assign company right of control over sidewalks and did
not address safety inspection duties as to sidewalks); Univ. of Houston v.
Sterling Bank, 963 S.W.2d 93, 95 (Tex. App.CHouston [14th
Dist.] 1997, pet. denied) (noting that occupier of premises owes no duty of
care to those outside occupied premises for conditions occupier did not create
and holding that bank leasing glassed-off area within university campus center
owed no duty to employee who fell outside area under bank=s control,
according to express terms of lease).

Because we find
that the trial court could have properly granted summary judgment on the ground
that Rogers failed to produce sufficient evidence of duty, we overrule Rogers=s second point of
error and need not address his remaining points.  See Joe, 145 S.W.3d at
157.

We affirm the
trial court=s judgment.   

 

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered and Memorandum Opinion
filed March 29, 2007.

Panel consists of Justices Yates,
Anderson, and Hudson.









[1]  In its brief, Texas Sterling describes its motion
for summary judgment to also include a traditional motion.  Neither the record
nor the rules support this description.  Texas Sterling labeled the motion as Atraditional@
only in an introductory paragraph heading and attached only pleadings as
evidence.  See Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 660
(Tex. 1995) (AGenerally, pleadings are not competent evidence, even
if sworn or verified.@).  The remainder of the motion, however, is labeled
as a Ano-evidence@
motion and includes repeated citations only to the no-evidence rule.  See Tex. R. Civ. P. 166a(i).  Although
motions need not contain headings to clearly delineate between traditional and
no-evidence bases, they must otherwise meet Rule 166a=s requirements, which includes affording adequate
notice of the grounds sought.  See Binur v. Jacobo, 135 S.W.3d 646, 651
(Tex. 2004); Travis v. City of Mesquite, 830 S.W.2d 94, 101 (Tex.
1992).  We find that Texas Sterling failed to give Rogers adequate notice of
its intent to seek a traditional summary judgment, and thus we construe its
motion as seeking only a no-evidence summary judgment.  Cf. Thomas v.
Clayton Williams Energy, Inc., 2 S.W.3d 734, 741 n.1 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (holding that
movant failed to provide fair notice it sought no-evidence summary judgment
where it was unclear whether movant brought motion under Rule 166a(b) or Rule
166a(i)).  

 

 

 





[2]  We recognize that several exceptions exist to this
general rule.  See, e.g., Lefmark Mgmt. Co. v. Old, 946 S.W.2d
52, 54 (Tex. 1997) (noting that party not in control of premises at time of
injury may owe duty to make premises safe where party creates dangerous
condition or agrees to make safe known, dangerous condition).  However, neither
party presented these exceptions to the trial court or to this court.  See Tex. R. App. P. 33.1.  





[3]  We have misgivings that Brown qualifies as an
invitee.  See McCaughtry v. Barwood Homes Ass'n, 981 S.W.2d 325,
329 (Tex. App.CHouston [14th Dist.] 1998, pet. denied) (defining
invitee as Aa person who enters the premises of another in answer
to an express or implied invitation from the owner or occupier for their mutual
benefit@).  We nevertheless invoke the above duty analysis, as
Texas Sterling fails to contend that it owed Brown no duty because he did not
qualify as an invitee, and neither party otherwise addresses Brown=s status.  Cf. Scurlock v. Pennell, 177 S.W.3d
222, 225 & n.1 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (applying premises liability duty of landlords to protect
invitees from third-party criminal acts to appellant not qualifying as invitee
because appellee failed to contend that no duty arose because appellant lacked
invitee status).