In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00078-CV


____________________



RONALD AVERY and MURRELL AVERY, Appellants



V.



H.L. ALEXANDER and BETHLEHEM BAPTIST CHURCH, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-178,790






MEMORANDUM OPINION


 Appellants, Ronald Avery and Murrell Avery ("Averys") filed suit against appellees,
Bethlehem Baptist Church and its pastor, Reverend H.L. Alexander, for negligence after a
tree on the church's property fell onto appellants' business establishment during Hurricane
Rita, damaging the building. The trial court granted summary judgment in favor of
appellees. We reverse and remand to the trial court for further proceedings. 


Factual and Procedural Background


 This is a property damage case involving a tree situated on property owned by
Bethlehem Baptist Church. During Hurricane Rita, the tree fell onto the roof of a business
located on adjacent property owned by the Averys, causing damage to the building. In 2007,
the Averys filed suit as a result of the incident alleging that Bethlehem Baptist Church (the
"Church") and Reverend Alexander (hereinafter collectively referred to as "appellees") were
negligent. The Averys alleged that prior to Hurricane Rita appellees were given notice on
several occasions as to a dangerous condition the tree created and failed to take any action
to remove the tree.

 In their Original Petition, the Averys asserted a cause of action for negligence 
alleging appellees failed to maintain their property to avoid unsafe conditions to surrounding
property owners, failed to take corrective measures in a timely manner to remove or correct
the dangerous condition after being put on notice, and failed to take remedial action to aid
or assist the Averys after their property was damaged by the tree. The appellees answered
asserting several affirmative defenses. The appellees filed a traditional motion for summary
judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure asserting the
following: 

 1) [Appellees] did not owe or breach a duty owed toward [the Averys]
because there [is] no recognized duty in Texas to prevent injury between
adjoining landowners due to naturally occurring conditions; 


 2) [Reverend] Alexander did not owe [the Averys] a legal duty as he was not
the legal owner or occupier of the premises; . . . 


 3) [Reverend] Alexander is not liable for the alleged torts of Bethlehem Baptist
Church; . . .


 4) [Reverend] Alexander is immune from civil liability for the alleged torts of
Bethlehem Baptist Church; . . . and 


 5) As an unincorporated association, . . . Bethlehem Baptist Church is not
liable for the alleged negligence of one of its members. . . . 


In support of their motion for summary judgment, appellees relied upon the sworn deposition
testimony of Mr. and Mrs. Avery and an affidavit of Reverend Alexander. (1) 

 The evidence showed the tree at issue overhung the Averys' property for a period of
years. According to Mr. Avery, the tree was old and dying with the majority of the limbs not
producing any foliage. Mr. Avery testified at his deposition that at one point there was no
foliage on the tree and he and Reverend Alexander discussed the condition of the tree. In
2000, limbs fell off the tree onto the roof of the Averys' building. Although Mr. Avery
admitted he was not a tree expert, he testified that he believed the tree limbs were "rotting
off" and that the tree was "not healthy." Thereafter, Mr. Avery discussed the incident with
Reverend Alexander explaining that limbs had fallen off the tree onto the roof of the building
and that Reverend Alexander needed "to do something about that tree." 

 Mr. Avery testified that the Reverend told him he would have somebody look at the
tree, but never did. Mr. Avery testified that over the years he had several conversations with
Reverend Alexander regarding the tree. Adding to his concern over the health of the tree,
Mr. Avery was also concerned about the angle of the tree. Due to the angle of the tree, Mr.
Avery was concerned that if it fell it would fall on his property. Mr. Avery recalled
conversations with Reverend Alexander in the spring of 2004 wherein Reverend Alexander
told Mr. Avery that he had somebody coming out to look at the tree. While Mr. Avery could
not say as a matter of fact that the winds during Hurricane Rita did not contribute to the
falling of the tree, he maintained that Reverend Alexander should have had the tree taken
down long before the hurricane. 

 After the trial court granted the motion for summary judgment in favor of appellees
disposing of all claims, this appeal followed. 

 The Averys present four issues on appeal. In issues one and two, the Averys argue
that the trial court erred in granting summary judgment because there is a legal duty between
adjoining landowners to prevent such property damage. In issues three and four, the Averys
argue that Reverend Alexander owed and breached a legal duty and that the Church is liable
for the torts of Reverend Alexander. In response, appellees argue that summary judgment
was proper because under section 363 of the Restatement (Second) of Torts, there is no duty
toward an adjoining property owner for damage resulting from a naturally occurring
condition. Finally, appellees argue that Reverend Alexander did not owe the Averys a legal
duty because he was not the owner or occupier of the premises, that he is immune from civil
liability and is not otherwise liable for the alleged torts of the Church. 

Standard of Review


 We review the granting of a traditional motion for summary judgment de novo. 
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). (2) We must
determine whether the movant carried its burden to establish that there existed no genuine
issue of material fact and that it was entitled to judgment as a matter of law. Shah v. Moss,
67 S.W.3d 836, 842 (Tex. 2001). We assume all evidence favorable to nonmovant is true, 
indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in his
favor. See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004). 

 A defendant moving for summary judgment must either (1) disprove at least one
element of the plaintiff's cause of action or (2) plead and conclusively establish each essential
element of an affirmative defense to be entitled to summary judgment. Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995). The movant must conclusively establish its right to judgment
as a matter of law. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). A matter is
conclusively established if reasonable people could not differ as to the conclusion to be
drawn from the evidence. City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005). "Once
the movant has established a right to summary judgment, the non-movant must expressly
present any reasons seeking to avoid the movant's entitlement, and must support the reasons
with summary judgment proof to establish a fact issue." Proctor v. RMC Capital Corp., 47
S.W.3d 828, 830-31 (Tex. App.--Beaumont 2001, no pet.). "Because the trial court's order
does not specify the grounds for its summary judgment, we must affirm the summary
judgment if any of the theories presented to the trial court and preserved for appellate review
are meritorious." Knott, 128 S.W.3d at 216. However, a summary judgment cannot be
affirmed on grounds not expressly set out in the motion or response. See Stiles v. Resolution
Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993).

Legal Duty


 "In determining whether a cause of action in negligence exists, the threshold inquiry
is whether the defendants owed the plaintiffs a legal duty." Smith v. Merritt, 940 S.W.2d
602, 604 (Tex. 1997). "Whether a duty exists is a question of law." Firestone Steel Prods.
Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996). In this case, we are asked to decide
whether a landowner or occupier owes a duty to an adjacent property owner to prevent
property damage to the adjacent property resulting from a fallen tree that grew on the
landowner/occupier's property. 

 In their motion for summary judgment, appellees rely on section 363 of the
Restatement (Second) of Torts, which addresses an occupier's duty to those outside his
premises for physical harm caused by a natural condition on the occupied premises. Section
363 provides as follows:

 §363 Natural Conditions

 (1) Except as stated in Subsection (2), neither a possessor of land, nor a
vendor, lessor, or other transferor, is liable for physical harm caused to others
outside of the land by a natural condition of the land.


 (2) A possessor of land in an urban area is subject to liability to persons using
a public highway for physical harm resulting from his failure to exercise
reasonable care to prevent an unreasonable risk of harm arising from the
condition of trees on the land near the highway. 


Restatement (Second) of Torts § 363 (1965). 

 The Restatement defines a "natural condition of the land" as a condition that "has not
been changed by any act of a human being, whether the possessor or any of his predecessors
in possession" and includes "the natural growth of trees, weeds, and other vegetation upon
land not artificially made receptive to them." Id. cmt. b. Trees or plants that are planted or
preserved by the landowner are considered artificial conditions. See id. The Averys do not
contend the tree was planted or preserved by the landowners. 

 The rule in subsection (2) of section 363 is in line with a broader common law rule
recognized in Texas that an owner or occupier of land abutting a highway has a duty to
exercise reasonable care toward the persons traveling on that highway. See Alamo Nat'l
Bank v. Kraus, 616 S.W.2d 908, 910-11 (Tex. 1981) (landowner liable when portion of
building being demolished fell into roadway killing driver); Atchison v. Tex. & Pac. Ry. Co.,
143 Tex. 466, 186 S.W.2d 228, 229 (1945) (landowner liable for auto accident caused by
lack of visibility due to smoke from burning grass on landowner's property drifting into
roadway); Skelly Oil Co. v. Johnston, 151 S.W.2d 863 (Tex. Civ. App.--Amarillo 1941, writ
ref'd) (cooling towers at gasoline manufacturer's plant allowed water to be blown onto
adjacent road resulting in wet, slippery condition that caused accident); see also Hirabayashi
v. North Main Bar-B-Q, Inc., 977 S.W.2d 704, 707 (Tex. App.--Fort Worth 1998, pet.
denied) (recognizing the common law rule). The application of this common law rule has
been limited to cases where a property owner or occupier negligently releases upon a public
roadway "'an agency that becomes dangerous by its very nature once upon the highway.'" 
Hirabayashi, 977 S.W.2d at 707 (quoting Naumann v. Windsor Gypsum, Inc., 749 S.W.2d
189, 191 (Tex. App.--San Antonio 1988, writ denied)). 

 The Restatement sets forth similar rules with respect to a nuisance resulting from
natural conditions. See Restatement (Second) of Torts § 840 (1979). Section 840
provides:

 (1) Except as stated in Subsection (2), a possessor of land is not liable to
persons outside the land for a nuisance resulting solely from a natural
condition of the land.


 (2) A possessor of land who knows or has reason to know that a public
nuisance caused by natural conditions exists on his land near a public highway,
is subject to liability for failure to exercise reasonable care to prevent an
unreasonable risk of harm to persons using the highway.

Id. Section 840 defines "natural condition" to mean " a condition that is not in any way the
result of human activity[,]" including "trees, weeds, and other vegetation on land that has not
been made artificially receptive to it by act of man[.] . . ." Id. cmt. a. We have found no
Texas cases expressly adopting or rejecting section 363(1) or section 840(1) of the
Restatement (Second), or any Texas cases extending the common law duty a landowner or
occupier owes one traveling on a public roadway to adjoining landowners.

 In Texas, the general rule is that "there is no duty to prevent accidents on adjacent
property that a person neither owns nor occupies." See Hirabayashi, 977 S.W.2d at 707; see
also Howe v. Kroger Co., 598 S.W.2d 929, 931 (Tex. App.--Dallas 1980, no writ). "[A]n
occupier of premises owes to his invitees a duty of ordinary care, which encompasses the
duties to maintain those premises in reasonably safe condition and to warn of dangerous
conditions on the premises." Howe, 598 S.W.2d at 931. However, this duty "extends only
to the limits of those premises and not beyond." Id. An occupier is under no duty to one
who has ceased to be an invitee. Portillo v. Housing Auth. of the City of El Paso, 652 S.W.2d
568, 569 (Tex. App.--El Paso 1983, no writ) (citing Restatement (Second) of Torts §
314A cmt. c). "An occupier of premises has no greater duty than does the public generally
regarding conditions existing outside his premises and not caused by the occupier." Id.

 The Fort Worth Court of Appeals explained the duty of a premises owner or occupier
to those on adjacent property as follows:

 Ordinarily, a person who does not own, occupy, or otherwise control real
property cannot be held liable for dangerous conditions thereon. It is
possession and control [of the premises] which generally must be shown to
establish liability. For example, an owner or occupier of property has no duty
to insure the safety of persons who leave the owner's property and suffer
injury on adjacent highways or railroad tracks, or to insure safety against the
dangerous acts of third persons.


 . . . Texas courts have recognized four closely-related "assumed duty"
exceptions to the general rule that there is no duty to prevent accidents on
adjacent property that a person neither owns nor occupies. 


 First, a person who agrees or contracts, either expressly or impliedly,
to make safe a known, dangerous condition of real property may be held liable
for the failure to remedy the condition. Second, a person who has created a
dangerous condition may be liable even though not in control of the premises
at the time of the injury. Third, a lessee who assumes actual control over a
portion of adjacent property also assumes legal responsibility for that adjacent
portion, even though none of the adjacent property is included in the lease. 
Fourth, where an obscured danger exists on land directly appurtenant to the
land owned or occupied, and where that danger is near a place where invitees
enter and exit the landowner's or occupier's property, the owner or occupier
owes a duty to those invitees entering and exiting to warn of the danger.


Hirabayashi, 977 S.W.2d at 706-07 (citations omitted); see also De Leon v. Creely, 972
S.W.2d 808, 812 (Tex. App.--Corpus Christi 1998, no pet.) (one who agrees to make safe a
known dangerous condition of real property owes a duty of care, as well as one who creates
a dangerous condition). 

 The Averys pled broadly their cause of action for negligence and in response to
appellees' traditional 166a(c) motion for summary judgment, the Averys allege that after Mr.
Avery complained of the dead or dying tree to Reverend Alexander, Reverend Alexander
stated on more than one occasion that he would have someone come out and look at the tree
and voluntarily undertook to remedy the dangerous condition presented by the tree. The
Averys support this allegation with their sworn deposition testimony. They further claim 
that after the tree fell, Reverend Alexander apologized to them and admitted that he should
have had the tree taken down before the hurricane but didn't have the money to do so.
Appellees filed a traditional motion for summary judgment seeking judgment as a matter of
law on the basis of no duty. Despite generally the absence of a duty to adjoining landowners
under Texas common law, the Averys presented a theory of liability based on an "assumed
duty" exception to the common law, i.e., "[o]ne who agrees to make safe a known dangerous
condition of real property owes a duty of due care." Lefmark Mgmt. Co. v. Old, 946 S.W.2d
52, 54 (Tex. 1997); see generally City of Denton v. Page, 701 S.W.2d 831, 835 (Tex.1986);
Gundolf v. Massman-Johnson, 473 S.W.2d 70, 73 (Tex. Civ. App.--Beaumont 1971), writ
ref'd n.r.e., 484 S.W.2d 555 (Tex. 1972) (per curiam). The trial court could not grant
summary judgment on the assumed duty exception asserted by the Averys because a
summary judgment cannot be granted on grounds not expressly set out in the movant's
motion. See Stiles, 867 S.W.2d at 26. We sustain issue one.

 We recognize that the appellees also moved for summary judgment on the basis that
1) Reverend Alexander is not liable for the alleged torts of the Church pursuant to section
252.006(b) of the Texas Business Organizations Code; and 2) Reverend Alexander is
immune from civil liability for the alleged torts of the Church pursuant to section 84.004 of
the Texas Civil Practice and Remedies Code. However, in response to the appellees' motion
for summary judgment, the Averys clarified that they were not suing Reverend Alexander
for liability of any alleged torts of the Church, but rather for his individual negligence. 
Therefore, the question of whether Reverend Alexander individually owes the Averys a legal
duty is dispositive on the issue of his liability.

 Finally, in their motion for summary judgment appellees argue that Bethlehem Baptist
Church, as an unincorporated association, was not liable for any alleged negligent acts on the
part of Reverend Alexander. Appellees cite Waddill v. Phi Gamma Delta Fraternity for the
proposition that "an unincorporated association, as principal, is only responsible for the
wrongful conduct of its agent 'where there is collusion with the agent, active participation
in the wrongful act, or the same is otherwise authorized or ratified.'" 114 S.W.3d 136, 142
(Tex. App.--Austin 2003, no pet.) (quoting United Ass'n of Journeymen & Apprentices of the
Plumbing & Pipefitting Indus. v. Borden, 160 Tex. 203, 328 S.W.2d 739, 744 (1959))
(affirming no evidence summary judgment for fraternity when there was no evidence that
fraternity authorized or ratified or participated in member's defamatory statements about
former pledge). Appellees further argue that appellants "have not shown the unincorporated
church association authorized, ratified or in any other way colluded with Pastor Alexander
in his alleged negligence." As the party responding to a traditional motion, the burden here
was not on appellants, but on appellees to bring forth competent summary judgment evidence
to conclusively negate any liability of the Church for the torts of the Reverend. See Proctor,
47 S.W.3d at 831. Appellees have failed to meet that burden. (3) We sustain issue four. We 
reverse the trial court's order of February 14, 2008, and remand the case to the trial court for
further proceedings. 

 REVERSED AND REMANDED.

 

 __________________________________

 CHARLES KREGER

 Justice

Submitted on November 26, 2008 

Opinion Delivered August 27, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The traditional 166a(c) motion for summary judgment does not advance causation
as a basis.
2. We construe appellees' rule 166a(c) motion for summary judgment as a traditional
summary judgment. A summary judgment motion must give fair notice to the non-movant
of the basis on which the summary judgment is sought. Tex. R. Civ. P. 166a; Waite v.
Woodard, Hall & Primm, P.C., 137 S.W.3d 277, 281 (Tex. App.--Houston [1st Dist.] 2004,
no pet.). 
3. Appellees cite to Mr. Avery's testimony in support of their argument that the Church
is not liable for any alleged negligent acts committed by Reverend Alexander. Specifically,
Mr. Avery testified that Reverend Alexander is the only church member he knows, that he
did not know if Reverend Alexander held any position of authority within the church, that
he had no knowledge that Reverend Alexander ever informed the church of the tree's
condition, and that he does not have any knowledge that Reverend Alexander was authorized
by the church to deal with him regarding the tree. Further, Mr. Avery testified that he had
no knowledge that Reverend Alexander informed the church that the tree posed a danger or
that the church ratified Reverend Alexander's alleged negligent failure to remove the tree. 
This testimony is insufficient to conclusively negate liability of the Church.