**Affirmed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00461-CV

---

## JAMES R. SOYARS, Appellant

### V.

## ROTHCHILD FAMILY PARTNERSHIP #2, LTD., Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2013-64802**

---

## M E M O R A N D U M   O P I N I O N

In this case, we must decide whether a purported guarantor of a lease is a third-party beneficiary who may invoke a provision of the lease agreement to recover his attorney's fees. Appellee Rothchild Family Partnership #2, Ltd. leased a portion of its shopping center to Westchase Signature, Inc. When the lease went unpaid, Rothchild sued Westchase for breach of the lease. Rothchild also sued appellant James R. Soyars and others as guarantors of the lease. Soyars answered

the lawsuit, alleged his signature on the guaranty was forged, and filed a counterclaim seeking to recover his attorney's fees pursuant to the fee provision in the lease. Following a bench trial, the trial court signed a take-nothing judgment on the parties' claims against each other.

Soyars argues in a single issue on appeal that the trial court erred when it denied his counterclaim for attorney's fees because he was a third-party beneficiary of the lease's fee provision. Because the lease and other evidence in the record do not demonstrate a clear intent on the part of the contracting parties to confer third-party beneficiary status on Soyars, we overrule his issue and affirm the trial court's judgment.

## BACKGROUND

Rothchild is the owner of a retail shopping center in Katy, Texas. Rothchild leased part of the center to Westchase Signature, Inc. Percy McAdoo signed the lease as an owner of Westchase. A signature purporting to be that of Soyars also appears on the lease as an owner of Westchase. Section 30 of the lease provides that "any person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is entitled to recover prejudgment interest, reasonable attorney's fees, and all other costs of litigation from the nonprevailing party."

Rothchild also required personal guaranties from the Westchase owners as part of the transaction. McAdoo signed the guaranty. A signature that purports to be Soyars' also appears on the guaranty. The guaranty agreement contains an attorney's fee clause providing that "[a]ny person who is a prevailing party in any legal proceeding brought under or related to this guaranty is entitled to recover attorney's fees from the nonprevailing party."

2

When Westchase defaulted on the lease, Rothchild filed this suit. Rothchild sued Westchase for breach of the lease and sued McAdoo and Soyars for breach of their respective guaranties. Rothchild also sought recovery of its attorney's fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code and section 30 of the lease. McAdoo did not file an answer to Rothschild's lawsuit. Soyars filed an answer denying that he had signed the lease agreement or the guaranty. Soyars asserted that both signatures had been forged. Soyars also sought recovery of his attorney's fees pursuant to section 30 of the lease.

Rothchild non-suited Westchase and filed a motion for default judgment against McAdoo. Rothchild's claim against Soyars went to a bench trial. At the conclusion of the trial, the court (1) found against Rothchild on its claim against Soyars; (2) rejected Soyars' claim for attorney's fees; and (3) granted Rothchild's motion for default judgment against McAdoo. The trial court then signed a final judgment based on those findings.[1] Soyars appeals, raising a single issue challenging the trial court's denial of his claim for attorney's fees.

## ANALYSIS

Soyars complains that the trial court erred when it rejected his attorney's fees claim based on section 30 of the lease because he established as a matter of law that he was an intended third-party beneficiary of the attorney's fees provision.

## I.    Standard of review and applicable law

The trial court did not sign findings of fact and conclusions of law. In this circumstance, we presume that all findings of fact and conclusions of law regarding Soyars' claim of attorney's fees were made in favor of Rothchild. The relevant facts in this appeal are not disputed. Instead, Soyars challenges the trial

---

[1] The final judgment awarded Rothchild $46,835.16 in damages from McAdoo as well as attorney's fees and pre- and post-judgment interest.

court's implied conclusion of law that he is not a third-party beneficiary of the lease. We review the trial court's conclusions of law de novo. *Smith v. Smith,* 22 S.W.3d 140, 143–44 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Under this standard, the reviewing court exercises its own judgment and re-determines each legal issue. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex. 1998). In addition, in resolving Soyars' issue, we must interpret two contracts, the lease and the guaranty. Neither party has argued that either of the contracts is ambiguous, and we conclude they are not. In that circumstance, the construction of a written contract is a question of law. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.3d 647, 650 (Tex. 1999).

Intended third-party beneficiaries may sue for breach of contract in Texas, but incidental beneficiaries may not. *City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011); *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam) (following Restatement (Second) of Contracts § 302). To qualify as an intended third-party beneficiary entitled to enforce a contract, a third party must be either a donee beneficiary or a creditor beneficiary. *Alvarado v. Lexington Ins. Co.*, 389 S.W.3d 544, 551 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *MCI Telecomms. Corp.*, 995 S.W.3d at 651)). A party qualifies as a donee beneficiary if the promised performance will come to him as a pure donation. *Id.* If the promised performance will come to the third party in satisfaction of a legal duty owed to him by the promisee, then he is a creditor beneficiary. *Id.*

A court cannot create a third-party beneficiary by implication. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). The presumption is that the parties to an agreement contracted only for themselves. *Williams*, 353 S.W.3d at 145. We resolve all doubts against conferring third-party beneficiary status. *Tawes*, 340 S.W.3d at 425.

4

To determine whether a third party qualifies as an intended beneficiary, we look exclusively to the intention of the contracting parties. *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex. 2011). We may consider extrinsic evidence, even when the contract at issue is a written, unambiguous contract. *First Bank v. DTSG, Ltd.*, 472 S.W.3d 1, 19 (Tex. App.—Houston [14th Dist.] 2015, pet. filed). Although magic words such as "third-party beneficiary" need not be used in the agreement, the contracting parties must clearly intend to confer a direct benefit on a third party in order to create a third-party beneficiary. *Williams*, 353 S.W.3d at 145. This intent must be clearly and fully expressed. *Basic Capital Mgmt., Inc.*, 348 S.W.3d at 900. The contract need not have been executed solely for the benefit of the third party, but the benefit must be more than merely incidental to the contract. *Williams*, 353 S.W.3d at 146. A third-party beneficiary need not be identified by name but may instead be identified as a class or category of persons, all of whom need not be known to the contracting parties at the time the agreement is signed. *ConocoPhillips Co. v. Graham*, No. 01-11-00503-CV, 2012 WL 1059084, at *6 (Tex. App.—Houston [1st Dist.] March 29, 2012, pet. denied) (mem. op.).

## II.  Soyars is not a third-party beneficiary of the lease.

Soyars argues that he was an intended third-party beneficiary of the lease, and therefore the trial court erred when it rejected his claim for attorney's fees under the lease. In support of his contention, Soyars points to the language of section 30 of the lease, noting that he is a "person" who was sued "under the lease" and ultimately prevailed in that lawsuit. Because the record does not demonstrate that the parties to the lease clearly intended to confer a direct benefit on Soyars, we disagree.

Contrary to Soyars' argument, he was not sued for breach of the lease.

5

Instead, Rothchild sued him for breach of the guaranty agreement, which contained a separate provision allowing a party prevailing in a guaranty-related suit to recover attorney's fees. Soyars prevailed on his defense that he did not sign the guaranty agreement, so he chose not to seek fees under that agreement. Yet the existence of a separate guaranty agreement with a separate fee provision remains an important extrinsic fact, as it indicates that the parties to the lease did not intend for that document to confer the direct benefit of a fee recovery on an alleged guarantor such as Soyars. *Cf. In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 776–77 (Tex. App.—Beaumont 2008, orig. proceeding) (examining indemnity agreement between Citgo and contractor in deciding whether Citgo was third-party beneficiary of arbitration agreement between contractor and its employee).

Soyars relies on *Williams v. Colthurst*, 253 S.W.3d 353 (Tex. App.—Eastland 2008, no pet.), but that case does not change our analysis. In *Williams*, a landlord and its management company sued former tenants for unpaid rent and damage to the leased property. *Id.* at 357. The tenants asserted a statutory counterclaim for wrongfully withholding their security deposit. *Id.* The landlords ultimately prevailed on all claims and the trial court awarded damages and attorney's fees under a provision of the lease. *Id.* at 358. The court of appeals affirmed, holding that the landlords were "entitled to recover their attorney's fees incurred in successfully defending the security deposit claims because the claims [were] 'related to the transaction' described in the lease." *Id.* at 362. Soyars argues the court of appeals' holding supports his position because the fee provision in the *Williams* lease is identical to the fee provision in the lease at issue here. We disagree because the *Williams* tenants, unlike Soyars, were parties to the lease agreement authorizing recovery of attorney's fees by a prevailing party in any legal proceeding brought under or relating to the lease.

6

Soyars also has not demonstrated that he qualifies as either a donee beneficiary or a creditor beneficiary. *Alvarado*, 389 S.W.3d at 551 (stating that a third-party beneficiary must either be a donee or creditor beneficiary). A donee beneficiary is unlikely to be an intended beneficiary of a commercial agreement, and Soyars has not argued that the parties to the lease intended for him to receive the benefit of the section 30 fee provision as a donation. *See Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 543–44 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Soyars also has not pointed to evidence in the record establishing that Westchase owed him a legal duty that would be satisfied through the lease's fee provision, as required to make him a creditor beneficiary. *See MCI Telecomms. Corp.*, 995 S.W.3d at 652.

It is easy to understand why Soyars believes he should not have to bear the expense of hiring an attorney to defend a suit based on a guaranty agreement bearing his forged signature. But the American Rule has long been that each party pays its own lawyers, and whether to create an exception to that rule is for the Legislature, not this Court, to decide. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663, 671 (Tex. 2009).

Soyars has not demonstrated that any exception applies here. Because he has not shown that the parties to the lease had a clear intent to confer a direct benefit on him, he is, at best, only an incidental beneficiary of the lease. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 421 (Tex. 2011) (stating that person is not third-party beneficiary simply because he is directly affected by contracting parties' conduct or has substantial interest in contract's enforcement). We conclude Soyars did not overcome the presumption against third-party beneficiary status, and therefore the trial court did not err when it rejected Soyars' contention that he was a third-party beneficiary entitled to recover

7

fees under section 30 of the lease.

## CONCLUSION

We overrule Soyars' sole issue on appeal and affirm the trial court's take-nothing judgment on Soyars' claim for attorney's fees.


/s/    J. Brett Busby
         Justice


Panel consists of Justices Christopher, McCally, and Busby.