2025 Tex. Bus. 52



THE BUSINESS COURT OF TEXAS
EIGHTH DIVISION

| | | |
|---|---|---|
| SLANT OPERATING LLC and SLANT WTX HOLDINGS II, LLC, | § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Cause No. 24-BC08A-0002 |
| OCTANE ENERGY OPERATING, LLC, | | |
| *Defendant.* | | |

## OPINION AND ORDER

### *Syllabus**

*This opinion addresses whether a leaseholder is a third-party beneficiary to a reciprocal waiver agreement between two operators, and whether the Court's jurisdiction and authority over the entire lawsuit is affected by the Court's disposition of the leaseholder's third-party-beneficiary claim. The Court concludes (1) the leaseholder is not a third-party beneficiary to the reciprocal waiver agreement, and (2) the Court retains jurisdiction and authority over the entire lawsuit after the leaseholder's claims are dismissed.*

---

* The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

**OPINION**

Before the Court are four competing motions:

1. Slant Operating, LLC ("Slant Operating") and Slant WTX Holdings II, LLC ("Slant Holdings") (collectively, "Plaintiffs")'s Motion to Establish Jurisdiction, filed August 28, 2025;

2. Octane Energy Operating LLC ("Octane")'s Plea to the Jurisdiction on Third-Party Beneficiary Claims ("Plea to the Jurisdiction"), filed September 9, 2025;

3. Octane's No-Evidence Motion for Summary Judgment on Third Party Beneficiary Claims ("Octane's No-Evidence Motion for Summary Judgment") filed September 9, 2025; and

4. Plaintiffs' Motion for Partial Summary Judgment Regarding Third-Party Beneficiary Status ("Motion for Partial Summary Judgment"), filed September 26, 2025.

¶ 1    The parties filed responsive briefing. After considering the motions, the parties' respective responses and replies, and the oral arguments presented by counsel, the Court concludes Octane's Plea to the Jurisdiction should be **SUSTAINED**; Plaintiffs' Motion for Partial Summary Judgment should be **DENIED**; Octane's No-Evidence Motion for Summary Judgment should be **DENIED AS MOOT**; and Plaintiffs' Motion to Establish Jurisdiction should be **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

¶ 2    All parties to this litigation are entities involved in Texas oil and gas exploration and production. *See* Plaintiffs' Second Amended Petition ("2d Am. Pet.") ¶ 22. In February 2023, Slant Operating and Octane operated oil and gas wells on adjacent leaseholds. *See id.* ¶ 28. The two entities entered into a Letter Agreement/point of

penetration waiver agreement ("Letter Agreement" or "the Agreement") whereby they agreed to reciprocally waive future objections to the other's "off-lease penetration point" permit applications with the Texas Railroad Commission ("RRC"). *Id.* ¶ 32. The Agreement did not address monetary consideration, monetary value of the waivers, or projected revenue following receipt of any RRC permits. Slant Operating "fully performed its obligation" under the Letter Agreement by waiving any objection to Octane's plan to its drill five Green Gables Wells from a penetration point on neighbor Slant Operating's leasehold. *Id.* ¶ 36. But when Slant Operating sought to drill its Gardendale Wells from a penetration point on Octane's leasehold, Octane refused to waive its objection. *Id.* ¶ 54.

¶ 3     Slant Operating filed its Second Amended Petition, the live pleading before the Court, on July 11, 2025. The Second Amended Petition added two Plaintiffs, leaseholder Slant Holdings and parent company Slant Energy II, LLC ("Slant Energy"), under a theory that Slant Holdings and Slant Energy were third-party beneficiaries to the Letter Agreement. *See id.* ¶¶ 8, 9.[1] Slant Energy subsequently nonsuited its claims against Octane, leaving Slant Operating and Slant Holdings as remaining Plaintiffs.

## II.     LEGAL STANDARDS

### A. Standing

¶ 4     Standing is a component of the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). The issue

---

[1] Slant Operating "actively work[s] to develop leasehold interests" held by Slant Holdings. Plaintiffs' Consolidated Response to Defendant Octane Energy Operating, LLC's No-Evidence Motion for Summary Judgment on Third Party Beneficiary Claims and Plea to the Jurisdiction on Third-Party Beneficiary Claims ("Consolidated Resp.") at 9.

of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A component of subject-matter jurisdiction, standing cannot be waived, nor can it be conferred by agreement. *See id.* (standing cannot be waived); *In re K.K.C.*, 292 S.W.3d 788, 790 (Tex. App.—Beaumont 2009, no pet.) ("A party generally cannot confer or obtain standing by consent or agreement."). The standing doctrine requires a real controversy between the parties that will actually be determined by the judicial declaration sought. *Austin Nursing Ctr., Inc.*, 171 S.W.3d at 849.

### B. Plea to the Jurisdiction

¶ 5 A court lacking subject-matter jurisdiction cannot hear the lawsuit. *Id.* The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 637 (Tex. 1999) (per curiam); *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) ("Whether a court has subject matter jurisdiction is a question of law, properly asserted in a plea to the jurisdiction."). A plea to the jurisdiction may challenge the sufficiency of the facts pleaded in a petition or it may challenge the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004).

¶ 6 When a plea to the jurisdiction challenges the existence of jurisdictional facts, the plea "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). The court is required to consider relevant evidence submitted by the parties. *Miranda*, 133 S.W.3d at 228 (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000)). The court will consider the

evidence in the light most favorable to the plaintiff. *Id.* at 227-28. If the evidence creates a fact issue regarding jurisdiction, the court does not rule but instead submits the issue to the fact finder in a trial on the merits. *Id.* at 228. Otherwise, the trial court rules on the plea as a matter of law. *Id.*

## C. Summary Judgment

### 1. Traditional

¶ 7    A party may also challenge standing via a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a. To prevail on a traditional motion for summary judgment, the movant must show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Apollo Expl., LLC v. Apache Corp.*, 631 S.W.3d 502, 515 (Tex. App.—Eastland 2021), *rev'd in part on other grounds*, 670 S.W.3d 319 (Tex. 2023) (citing *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021)). If the movant makes this showing, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). The court must consider evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

### 2. No Evidence

¶ 8    A no-evidence summary judgment motion is essentially a pretrial directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). To receive a no-

evidence summary judgment, the movant has the burden to show there is no evidence of at least one essential element of the nonmovant's claim or defense. *See* TEX. R. CIV. P. 166a(i); *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant, who "must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *see also* TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). The court considers evidence in the light most favorable to the nonmovant. *King Ranch*, 118 S.W.3d at 750. Plainly, a no-evidence summary judgment is properly granted if the nonmovant does not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex. 2002).

### III.    PLAINTIFFS' MOTION TO ESTABLISH JURISDICTION

#### A. Arguments

¶ 9    Plaintiffs' Motion to Establish Jurisdiction is an attempt to obtain an affirmative finding on Octane's challenges to their ability to recover damages. *See generally* Plaintiffs' Motion to Establish Jurisdiction. They ask the Court to find it has subject-matter jurisdiction over their claims and urge any dispute about whether they are entitled to recover damages is an issue of capacity, not jurisdiction. *See id*. at 3, 4. Octane disagrees— "this is not a capacity debate." Octane's Response to Plaintiff's Motion to Establish Jurisdiction at 3. Rather, Octane argues Plaintiffs are barred from recovery as a matter of

law because (1) Plaintiffs cannot recover the value of "lost minerals [they] never owned," and because (2) Slant Holdings is neither a named party nor a third-party beneficiary to the Letter Agreement. *Id.* Octane avers the Court must dismiss the entire action because neither Slant Operating nor Slant Holdings has "a complete, cognizable claim for the asserted mineral-production damages," and "the amount in controversy falls well below the Business Court's [$5] million jurisdictional threshold for the alleged breach of contract claim." *Id.* at 3, 16-17.

**B. Once jurisdiction is determined, partial disposition of the suit does not divest the Court of jurisdiction.**

¶ 10    Plaintiffs' pleaded facts are sufficient to provide the Court with jurisdiction and authority to determine their claim for damages. The Court previously addressed its jurisdiction over the entire action:

> Slant has sufficiently pleaded facts to support its claims that (1) the agreement at issue is a qualified transaction, and (2) that the Court has subject-matter jurisdiction over this action under Texas Government Code § 25A.004(d)(1).[2]

*Slant Operating, LLC v. Octane Energy Operating, LLC*, 2025 Tex. Bus. 22, ¶ 1, 717 S.W.3d 409, 413 (8th Div.) (footnote added). Further, once the Court determines that it has acquired jurisdiction, any partial disposition of this suit will not divest the Court of subject-matter jurisdiction to adjudicate the remaining claims. *See Delfino Ornelas, III v. Erasmo Herrera*, 2025 Tex. Bus. 51, ¶ 7, 2025 WL 3688731, at *2 (4th Div.); *see also Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996) (in the amount in controversy

---

[2] The Court issued its Opinion and Order on Slant Operating's Objection to Dismissal for Lack of Jurisdiction on May 23, 2025. At that time, Slant Holdings was not yet a party to the lawsuit.

context, "where jurisdiction is once lawfully and properly acquired, no later fact or event can defeat the court's jurisdiction"); *Atlas IDF, LP v. NexPoint Real Est. Partners, LLC,* 2025 Tex. Bus. 16, ¶ 42, 715 S.W.3d 390, 397 (1st Div.) (jurisdiction is determined by the amount recoverable under the pleadings at the suit's commencement).

¶ 11   For these reasons, the Court will neither revisit its previous jurisdictional ruling nor restate its analysis and discussion. Instead, the Court incorporates by reference its ultimate conclusion. *See supra.* To the extent Plaintiffs seek confirmation they have sufficiently pleaded facts enabling the Court to adjudicate the merits of the parties' dispute, the Motion to Establish Jurisdiction is **GRANTED**. Any other relief requested in the motion is **DENIED**.

## IV.   OCTANE'S PLEA TO THE JURISDICTION

### A. Arguments

¶ 12   In its plea, Octane asks the Court to dismiss Slant Holdings from the case and dismiss the portion of Slant Operating's breach-of-contract claim made by or on behalf of Slant Holdings. *See* Plea to the Jurisdiction at 16. Octane provides two bases. First, it argues Slant Holdings lacks standing because it is not a third-party beneficiary of the Letter Agreement. *See id.* at 6. Second, because Slant Holdings is not a third-party beneficiary, Slant Operating lacks standing to sue on Slant Holdings' behalf. *See id.* at 16.

¶ 13   Plaintiffs aver the following confirm Slant Holdings is a third-party beneficiary to the Letter Agreement:

(i)   [T]he role of Slant Operating and Octane Operating as operators for affiliated leasehold interest owners;

(ii)    [T]he technical nature of the Letter Agreement . . . in the context of Rule 86; and

(iii)   [T]he resulting meaning of the [Letter] Agreement's terms.

Plaintiffs' Consolidated Resp. at 5. They further argue Slant Holdings "was, and always has been, a direct and intended creditor beneficiary to the Agreement and therefore entitled to damages." Plaintiffs' Response in Opposition to Defendants' Traditional and No-Evidence Motion for Summary Judgment on Plaintiffs' Damages ("Resp. to Octane's No-Evidence SJ") at 11 (citing *MJR Corp. v. B&B Vending Co.*, 760 S.W.2d 4, 11 (Tex. App.—Dallas 1988, writ denied)).

### B.  Slant Holdings is not a third-party beneficiary of the Letter Agreement

¶ 14    Slant Holdings is not a third-party beneficiary of the Agreement between Slant Operating and Octane and, as such, lacks standing to assert or recover on its breach-of-contract claim against Octane. As stated above, standing is a constitutional prerequisite to filing suit. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). "To establish standing to assert a breach of contract cause of action, a party must prove its privity to the agreement or that it is a third-party beneficiary." *Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 756 (Tex. App.—Fort Worth 2012, pet. denied). A third party may recover on a contract made between other parties if the contracting parties intended to attach a benefit to the third party and if the contracting parties entered into the contract directly for the third party's benefit. *Basic Cap. Mgmt. v. Dynex Com., Inc.*, 348 S.W.3d 894, 900 (Tex. 2011).

¶ 15    To assert a breach-of-contract claim as a third-party beneficiary, the party must show that it is either a donee or creditor beneficiary to the contract. *Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 543 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). A third party cannot enforce a contract if the contract confers only an indirect or incidental benefit. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). Notably, there is a presumption against conferring third-party beneficiary status on noncontracting parties, and "[a]ll doubts must be resolved against conferring third-party beneficiary status." *Id.*; *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007) (per curiam).

¶ 16    Here, without evidence to consider, resolution of Slant Holdings' standing turns on the sufficiency of Plaintiffs' pleadings. As discussed below, the Court finds they have failed to carry their burden to allege facts affirmatively demonstrating the Court's subject-matter jurisdiction over Slant Holdings.

### 1. Operator's Role

¶ 17    Slant Operating and Slant Holdings claim all operators contract solely to benefit their affiliated leasehold interest owners and, as such, both Slant Operating and Octane knowingly entered into the Letter Agreement to benefit Slant Holdings. *See* Plaintiffs' Consolidated Resp. at 7-9. But Octane claims the Agreement is "no more than a reciprocal agreement to benefit operations by two operators." *See* Defendant's Reply in Support of its Plea to the Jurisdiction and No-Evidence Motion for Summary Judgment on Plaintiff's Third-Party Beneficiary Claims at 2.

¶ 18    The Court agrees with Octane. Even taken as true that Slant Operating entered into the Letter Agreement to ultimately benefit its Slant enterprise upline, nothing

before the Court supports that *Octane* entered into the Agreement with the same intention to benefit Slant Operating's leaseholder. To find all operators contract to benefit all leaseholders would impose an underlying default-intention on all oil and gas operators whereby all leaseholders would be presumed third-party beneficiaries to industry contracts. Doing so would violate well-established Texas law disfavoring third-party beneficiary status on noncontracting parties. *See Lomas*, 223 S.W.3d at 306. Accordingly, Plaintiffs' argument fails and does not afford Slant Holdings third-party beneficiary status.

2. *Rule 86*

¶ 19    Slant Holdings cannot obtain standing by relying on RRC Statewide Rule 86 ("Rule 86"). Rule 86 provides, in pertinent part, a "technical framework" for horizontal drilling applications. Plaintiffs' Consolidated Resp. at 5; 16 TEX. ADMIN. CODE § 3.86(g). It provides, *inter alia*, an applicant seeking to develop a new or existing well with horizontal drain holes must provide written notice to all mineral owners of any offsite tracts through which the proposed wellbore path traverses from the point of penetration. 16 TEX. ADMIN. CODE § 3.86(g)(A). Plaintiffs argue, "Slant Operating and Octane Operating, as operators, were the intended recipients of notice under Rule 86 and were the necessary parties to provide waivers to allow their leasehold interest holders to benefit." Plaintiffs' Consolidated Resp. at 5. Further, they argue the parties agreed to provide waivers of off-lease penetration points and did so for the "direct and intended benefit of the leasehold owners who would benefit from maximizing the development of their leasehold." *Id.* at 15.

¶ 20    This argument cannot confer standing upon Slant Holdings. The nexus between Rule 86 and the parties' mutual intent to benefit the parties' leaseholders is gray.

Certainly "an *operator* derives economic benefit by increasing the length of the lateral wellbore to improve the chances of penetrating additional producing fractures." *Browning Oil Co. v. Luecke*, 38 S.W.3d 625, 635 (Tex. App.—Austin 2000, pet. denied) (emphasis added). But any benefit to the leaseholder alluded to in Rule 86 is, at best, implied and does not reflect the parties' intention when signing the Letter Agreement. Moreover, contractual review for purposes of determining beneficiaries to a contract is outside the RRC's purview. Asking the Court to do so clearly violates Texas's presumption against third-party beneficiaries. *See Lomas*, 223 S.W.3d at 306. Based on the foregoing, the parties' compliance with Rule 86 does not provide Slant Holdings standing as a third-party beneficiary to the Letter Agreement.

## C. Disposition

¶ 21    Plaintiffs have not met their burden to affirmatively demonstrate Slant Holdings' standing and the Court's jurisdiction to hear its claim. Therefore, Octane's Plea to the Jurisdiction is **SUSTAINED** and Slant Holdings' claim against Octane is **DISMISSED**.

## V.    OCTANE'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

¶ 22    In its No-Evidence Motion for Summary Judgment, Octane challenges the Court's subject-matter jurisdiction over Slant Holdings.[3] Because the Court has found Slant Holdings lacks standing and the Court does not have subject-matter jurisdiction to

---

[3] Octane's Motion also challenged the Court's jurisdiction over Slant Energy. As noted, Slant Energy is no longer a party.

hear its claim, the Court need not address the merits of Octane's No-Evidence Motion for Summary Judgment. Accordingly, Octane's motion is **DENIED AS MOOT**.

## VI.    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.  Arguments

¶ 23    In Plaintiffs' Motion for Partial Summary Judgment, they ask the Court to declare Slant Holdings a third-party creditor beneficiary of the Letter Agreement. *See* Plaintiffs' Motion for Partial SJ ("Mot. for Part. SJ") at 1. They argue Slant Holdings is a creditor beneficiary because Slant Holdings owns the minerals subject to the Letter Agreement and, without a benefit to Slant Holdings, the Letter Agreement lacks purpose:

> [T]he [Letter Agreement] was specifically intended to confer a benefit upon Slant Holdings as the owner of the mineral assets subject to [it] because: (A) the contract was undisputably intended to advance the development of mineral assets for the purpose of benefiting the owner of the mineral assets, including Slant Holding[s]; (B) the contract references the entire Slant enterprise; and (C) there is a unity of financial interests between the Slant entities.

*Id.* at 2-3. Octane disagrees, arguing Slant Holdings cannot be a creditor beneficiary because the Letter Agreement does not reflect it was made to satisfy a duty Slant Operating owed Slant Holdings:

> [The Letter Agreement] does not specifically identify a third party to benefit or an obligation to be satisfied because none exists. It is therefore not enforceable by [Slant Holdings] on a creditor-beneficiary theory.

Octane's Response in Opposition to Slant's Motion for Partial Summary Judgment Regarding Third-Party Beneficiary Status ("Octane's Resp. to Mot. for Part. SJ") at 12.

**B. Slant Holdings is not a third-party creditor beneficiary**

¶ 24    Plaintiffs' third-party creditor beneficiary argument fails as a matter of law. As stated above, a party may qualify as an intended third-party beneficiary by obtaining status as a creditor beneficiary of the contract. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (citing *MCI,* 995 S.W.2d at 651). "A party is a creditor beneficiary if no intent to make a gift appears in the contract, but performance will satisfy an actual or asserted duty of the promisee to the beneficiary," such as indebtedness, contractual obligation, or other legally enforceable commitment to the third party. *Esquivel*, 992 S.W.2d at 543-44. "The promisee must intend that the beneficiary will have the right to enforce the contract." *Id.* at 544. The intent "must be clearly and fully spelled out or enforcement by the third party must be denied." *Lomas*, 223 S.W.3d at 306 (quoting *MCI*, 995 S.W.2d at 651) (internal quotation marks omitted).

*1. Slant Holdings as Mineral Assets Owner*

¶ 25    Plaintiffs first allege Slant Operating contracted to benefit Slant Holdings as evidenced by Slant Holdings' position as owner of the subject mineral assets. Mot. for Part. SJ at 3. Understanding "a well operator[] must act for the benefit of the mineral asset owners with land subject to its wells," an operator's obligation to act with reasonable prudence does not extend benefits or liabilities to its mineral owners when the mineral owners are not named parties to a contract. *See id.* at 6 (citing *Amoco Prod. Co. v. Alexander*, 622 S.W.2d 563, 570 (Tex. 1981)). Said differently, the duties Slant Operating owes to mineral asset owner Slant Holdings do not automatically confer Slant Holdings the right to

benefit from or enforce any Slant Operating contract. Slant Holdings is not a creditor beneficiary under this argument.

### 2. *Financial Unity*

¶ 26    Plaintiffs next claim Slant Holdings is a creditor beneficiary because "there is a unity of financial interests" between it and Slant Operating. Mot. for Part. SJ at 3. A mere unity of financial interests does not merge the identity of the separate Slant entities for purposes of contractual obligations and contractual enforcement. While Slant Operating may work as Slant Holdings' financial conduit, there is no evidence of Slant Operating's indebtedness, contractual obligation, or other legally enforceable commitment to Slant Holdings. *See Esquivel*, 992 S.W.2d at 543-44. The Court echoes Octane's argument that "[a]lleged unity of financial interest cannot override corporate separateness." Octane's Resp. to Mot. for Part. SJ at 3 (internal quotation marks omitted). To find otherwise would potentially impose creditor beneficiary status on any entity within a corporate structure and wholly contravene established law. Slant Holdings is not a creditor beneficiary under Plaintiffs' financial-unity theory.

### 3. *Slant Enterprise Language*

¶ 27    Lastly, Plaintiffs contend that Octane knew it was contracting with Slant Holdings because the Letter Agreement references the "[o]verall Slant Enterprise." Mot. for Part. SJ at 7. "Slant Energy" is listed in the Letter Agreement's header and footer. *Id.* at 7; Octane's Resp. to Mot. for Part. SJ at 10. However, that another "Slant Enterprise" entity appears in the document would not sufficiently apprise Octane of Slant Operating's intent to benefit Slant Holdings. Mot. for Part. SJ at 7. Plainly, it is wholly improper to

impose creditor beneficiary status on an entity because another entity appears within the four corners of a document. Slant Holdings is not a creditor beneficiary under this argument.

## C. Disposition

¶ 28    The Court finds Plaintiffs have not sustained their burden to establish Slant Holdings is a third-party creditor beneficiary of the Letter Agreement. As no genuine issue of material fact exists regarding Slant Holdings' status as a third-party creditor beneficiary, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

## VII.    CONCLUSION AND ORDER

Consistent with this opinion, the Court concludes and orders as follows:

1. To the extent Plaintiffs ask the Court to reaffirm it has jurisdiction to adjudicate the merits of the Plaintiffs' claim for damages, Plaintiff's Motion to Establish Jurisdiction is hereby **GRANTED**. Any additional relief requested in the motion is **DENIED**.

2. The Court finds Slant Holdings lacks standing as a third-party beneficiary of the Letter Agreement and finds it lacks jurisdiction to hear Slant Holdings' claims against Octane. It is therefore **ORDERED** that Octane's Plea to the Jurisdiction is hereby **SUSTAINED**. It is further **ORDERED** that Slant Holdings' claims against Octane are **DISMISSED**.

3. Based on the Court's disposition of Octane's Plea to the Jurisdiction, the Court will not address the merits of Octane's No-Evidence Motion for Summary Judgment. It is therefore **ORDERED** that Octane's No-Evidence Motion for Summary Judgment is hereby **DENIED AS MOOT**.

4. The Court finds no genuine issue of material fact exists as to Slant Holdings' status as a third-party creditor beneficiary of the Letter Agreement. Because Slant Holdings is not a third-party creditor beneficiary, it is **ORDERED** that Slant Operating and Slant Holdings' Motion for Partial Summary Judgment is hereby **DENIED**.

SO ORDERED.

_____
JERRY D. BULLARD
Judge of the Texas Business Court,
Eighth Division

SIGNED: December 22, 2025